**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

---

JEFFREY T. MAEHR,

    Petitioner,

v.                                                                                                                  No. MC 08- 00018-BB

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION**

    This matter comes before the Court for consideration of a petition to quash a summons issued by the Internal Revenue Service ("IRS"). (Doc. 1). The IRS seeks information about the income of Petitioner, Jeffrey T. Maehr, and issued a summons against his limited liability company, Aurora Loan Services, L.L.C. ("Aurora"). Mr. Maehr filed a petition to quash the summons. The Respondent, the United States of America ("the government"), filed a response motion for summary denial of Mr. Maehr's petition to quash, and moved for summary enforcement of its summons. For the reasons that follow, the Court denies Mr. Maehr's petition to quash summons and thus summarily enforces the government's summons to Aurora.

**I.  Statement of Facts**

    The underlying facts here are not complicated. According to the government's pleadings, Mr. Maehr failed to file federal income tax returns for the years 2003 through 2006. The IRS, therefore, initiated an investigation into his income. In furtherance of the investigation, the IRS issued a summons to Aurora. The summons sought financial information concerning Mr. Maehr and

entities owned or controlled by Mr. Maehr.  Mr. Maehr disputes the legality of the summons and thus filed a petition to quash the summons.  The government responded with a motion for summary denial of the petition to quash summons and for summary enforcement of its summons.

## II.  The Government's Statutory Authority to Issue a Summons

Section 7601 of the Internal Revenue Code imposes a statutory duty on the Secretary of the IRS to canvass the accuracy of tax returns filed and the liability of those who failed to make a return.  I.R.C. § 7601.  In addition, Section 7602(1) of the Internal Revenue Code authorizes the Secretary to examine financial records as may be relevant or material to "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . . collecting any such liability [or] . . . inquiring into any offense connected with the administration or enforcement of the internal revenue laws."  I.R.C. § 7602(1).  Also, Section 7602(2) authorizes the Secretary or his delegates:  "To summon the person liable for tax . . . to produce such books, papers, records, or other data . . . as may be relevant or material to such inquiry."  I.R.C. § 7602(2).

## III.  Relevant Case Law

In deference to Congress's policy objective of facilitating revenue collection, courts interpret Section 7602 broadly, so as to avoid unduly encroaching on the government's essential authority to obtain financial information from taxpayers.  *U.S. v. Euge*, 444 U.S. 707, 715-716 (1980) (finding that, since Section 7602 is the IRS's primary information-gathering authority, the courts have broadly construed it in light of its intended purpose of furthering the effective conduct of tax investigations).  The government, therefore, must establish just four elements to make a *prima facie* case entitling

it to such financial information.  These four elements are known as the "*Powell* requirements," as they were first set forth in a Supreme Court case entitled *U.S. v. Powell*, 379 U.S. 48 (1964).

## IV.  Burdens of Proof

The government has the initial burden to prove its *prima facie* case under the *Powell* requirements.  *U.S. v. LaSalle Nat'l Bank*, 437 U.S. 298, 316 (1978).  However, once the government's burden is met, taxpayers bear the burden of disproving the existence of a valid collection purpose by the IRS.  *Id.*

## V.  The *Powell* Requirements

### A. The Investigation Is Being Conducted Pursuant to a Legitimate Purpose

The first *Powell* requirement is that the IRS conducts its investigation in good faith, for a legitimate purpose.  As is rather self-explanatory, collecting revenue is a legitimate purpose of the IRS.  Indeed, the very core of the IRS's function is to collect taxes from individuals and business associations.  Absent bad faith or intent to harass the taxpayer, the propriety of an IRS summons to obtain financial records is presumed.  Since Mr. Maehr has not alleged that the IRS summons was issued in bad faith or with the intent to harass, the government has satisfied the first *Powell* requirement.

### B.  The Inquiry May Be Relevant to the Government's Legitimate Purpose

Under the second test, the Court must determine whether the information summonsed may be relevant to, and in furtherance of, the IRS's legitimate purpose.  This is not a difficult standard for the government to meet.  In *U.S. v. Arthur Young and Co.*, 465 U.S. 805, 814 (1984), the Supreme Court explained that the "may be" language "reflects Congress's intention to allow the IRS to obtain items of even potential relevance to an ongoing investigation."

Mr. Maehr failed to file federal income tax returns from 2003 through 2006, and it is safe to say that production of Aurora's recent financial records could shed light on whether he should have filed federal income tax returns for those years. This being so, the government has satisfied its second burden under the *Powell* requirements.

C.  The Information Sought Is not Already Within the Government's Possession

*Powell* further established that the IRS could not issue a summons for financial information to which it already had access. The rationale of this third requirement was to protect taxpayers by diminishing the likelihood of IRS harassment. However, subsequent court decisions have not always interpreted this *Powell* requirement literally. Indeed, the IRS may require taxpayers to produce financial records not only when it cannot in fact obtain such records, but also when gaining access to such records would be difficult as a practical matter. *See U.S. v. John G. Mutschler & Assocs., Inc.,* 734 F.2d 363, 367-68 (8th Cir. 1984) (finding that, for purposes of the "possession" element, the IRS did not already possess financial information, even though it could have manually searched over 18,000 documents to potentially retrieve the information it sought). Yet regardless of whether the Court interprets this standard literally, Mr. Maehr did not file any federal tax returns from 2003-2006, and the government does not already possess his income information.

Nevertheless, in an effort to refute the government's claim that it does not already possess the information it seeks, Mr. Maehr attached as an exhibit to his brief a statement from the Social Security Administration ("SSA"). This statement indicates his taxed Social Security and Medicare earnings for the years 2003-2006. While the Court accepts Mr. Maehr's argument that the IRS has access to the same information as the SSA, the SSA statement reflects just the income Mr. Maehr chose to report, which is not the subject of the IRS's inquiry. Rather than being interested in the

income Mr. Maehr reported voluntarily, the IRS is inquiring into whether he earned income that he failed to report. Thus, Mr. Maehr's attachment of his Social Security statement does not persuade the Court that the IRS already possesses the information it seeks in its summons to Aurora.

### D. The Revenue Agent Followed the Administrative Steps Required by the Internal Revenue Code

Finally, under *Powell*, the government must show that it followed the administrative steps the Internal Revenue Code requires of Revenue Agents who issue summons. Though these administrative steps must be followed with precision, they are quite minimal. First, a Revenue Agent must determine that further investigation is necessary; and second, he or she must notify the taxpayer in writing to that effect. *Powell*, 379 U.S. at 57-58.

Moreover, the government's burden of proving that these simple steps have been satisfied is slight. Indeed, it may be satisfied by a simple sworn affidavit from the investigating agent declaring that the *Powell* requirements have been met, and that the taxpayer has been provided written notice of the administrative summons. *U.S. v. Balanced Fin. Mgmt. Inc.*, 769 F.2d 1440, 1443 (10th Cir. 1985). The government's burden is light because courts have determined that the statute must be read to ensure that the enforcement powers of the IRS are not unduly restricted. *Id.*

In this case, attached to the government's motion, is a sworn declaration from Revenue Agent, William R. Sothen. In this declaration, Mr. Sothen states under penalty of perjury that he is a duly commissioned Revenue Agent and that he is conducting an investigation into Mr. Maehr's federal income tax liabilities. Mr. Sothen further swears that he has issued a summons in writing to Aurora, and that the summons directed Aurora to produce books, papers, records, or other data.

Under prevailing case law, Mr. Sothen's statement persuades the Court that the government has facially satisfied the *Powell* requirements.

## VI. Mr. Maehr's Arguments Against the Legality of the Summons are Unavailing

### A.  The Government Need Not Show Probable Cause of Tax Liability Before Issuing a Third Party Summons

In his pleadings to the Court, Mr. Maehr alleges, among other things, that the IRS needs probable cause before it may require Aurora to produce his financial records.  Yet in *Powell*, the Court rejected the taxpayer's argument–that the IRS needed probable cause, or any like notion, to require production of financial records for the purpose of revenue collection. 379 U.S. at 51.  *Powell* established that, "unless the taxpayer raises a substantial question that judicial enforcement of the administrative summons would be an abusive use of the court's process, the government need not articulate probable cause, or any suspicion whatever, before issuing a summons for financial records."  *Id.*  Thus, Mr. Maehr's first argument is unavailing.

### B.  The Fourth Amendment Does Not Apply to Third Party Summons

Another argument Mr. Maehr sets forth is that a judicial order requiring him to produce his financial records would violate his Fourth Amendment rights.  However, a summons directed to a third party–Aurora in this case–does not implicate the Fourth Amendment rights of the taxpayer. *U.S. v. Aquinas Coll. Credit Union*, 635 F.2d 887, 888 (6th Cir. 1988).  The records the IRS seeks do not belong to Mr. Maehr, but to Aurora–a separate legal entity.  Since Fourth Amendment rights are personal to the taxpayer, Mr. Maehr has no standing under the Fourth Amendment to challenge a summons of Aurora's records.

C.  Mr. Maehr Has Not Proven the Invalidity of the IRS's Investigatory Purpose

In his pleadings, Mr. Maehr suggests several reasons that the IRS's investigation is invalid, including that the Internal Revenue Code is not governing law, and that the IRS has no jurisdiction over him.  However, as the government pointed out in its motion, these arguments are frivolous.  Congress's authority to tax has been well-established since the early days of the Republic.  *McCulloch v. Maryland*, 17 U.S. (4 Wheat.) 316, 416, 4 L.Ed. 579 (1819).  Based on this authority, Congress may grant the IRS broad authority to collect revenue.  Furthermore, in other sections of his pleadings, Mr. Maehr admits that the government may seek information from taxpayers.  Mr. Maehr's arguments, therefore, do not disprove a potentially valid civil tax determination against him.

## Conclusion

In sum, the government established a *prima facie* case that its summons to Aurora is valid.  The IRS investigation is being carried out for a proper purpose.  The information sought by the summons may be relevant to that purpose.  The summonsed information is not already within the possession of the government.  The government has followed administrative steps required by the Internal Revenue Code.  Moreover, Mr. Maehr's arguments regarding probable cause, the Fourth Amendment, and the IRS's lack of jurisdiction are baseless under governing law.  Thus, for the foregoing reasons, the Court will deny Mr. Maehr's petition to quash and will  summarily enforce the summons issued to Aurora.

BRUCE D. BLACK
United States District Judge